## UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

| | | |
|---|---|---|
| LISA BERGERON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:24-cv-2313 |
| | ) | |
| UNIVERSITY OF KANSAS, | ) | |
| Defendant. | ) | |

### COMPLAINT

COMES NOW, Plaintiff, Lisa Bergeron, by and through undersigned counsel of record, and for her claims against Defendant University of Kansas, states and alleges the following:

### PARTIES, VENUE, AND JURISDICTION

1.      Plaintiff, Lisa Bergeron, is a resident of the state of Kansas.

2.      Defendant, the University of Kansas (the "University"), is an institution of higher education established under the laws of the state of Kansas, and pursuant to Fed. R. Civ. P. 4(j)(2)(A), the University of Kansas may be served through its chief executive officer.

3.      Pursuant to K.S.A. § 76-714, the chief executive officer of the University of Kansas is the Chancellor.

4.      Accordingly, the University of Kansas may be served through Chancellor Douglas A. Gerod, 230 Strong Hall, 1450 Jayhawk Boulevard, Lawrence, Kansas 66045.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that the events and omissions giving rise to Plaintiff's claims occurred in this District, and pursuant to 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practices stated herein occurred in this District.

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it involves federal questions.

7.      Plaintiff timely filed a Charge of Discrimination against the Defendant with the U.S.

1

Equal Employment Opportunity Commission and the Kansas Human Rights Commission on May 4, 2023.

8.      The U.S. Equal Employment Opportunity Commission and the U.S. Department of Justice Civil Rights Division issued Notices of Right to Sue Within 90 Days, which Plaintiff received on April 24, 2024.

9.      Less than 90 days have passed since April 24, 2024, and this lawsuit is timely filed.

## ALLEGATIONS OF FACT

10.     Plaintiff is a 51-year-old female.

11.     Plaintiff began employment with Defendant, in the School of Business, in August 2003, working in a Faculty position as a Lecturer. She started her employment in the Finance Department.

12.     Over the course of her employment, Plaintiff encountered disparagement based on her gender, including comments by men in her department that students reviewed her class well because they preferred her "tits" over her teaching.

13.     In August 2014, Plaintiff moved from the Finance Department to the Entrepreneurship Department in an effort to avoid the disparagement by men.

14.     Thereafter, Plaintiff worked as a faculty member, in the role of Lecturer teaching Entrepreneurial Mindset (ENTR 177) and Finance in Entrepreneurship (ENTR 302/ENTR 460).

15.     In January 2018, in addition to her Faculty Lecturer position, Plaintiff took on administrative roles as the Assistant Director of the Business Honors Program and Assistant Director of the Entrepreneurship Program. At that time, the Lecturer role represented .5 full-time equivalents ("FTEs"), with the administrative roles representing another .5 FTEs. With .5 FTEs in a Lecturer role, Plaintiff remained in a Faculty position.

16.     In April 2022, Defendant advised Plaintiff that it no longer required her services as

the Assistant Director of Entrepreneurship.

17.     In or around July 2022, Defendant hired Brian Anderson to serve as the Area Director for Management and Entrepreneurship.

18.     At that time, Plaintiff continued to teach ENTR 177 and ENTR 302/460.

19.     Shortly after his hiring, Plaintiff met with Mr. Anderson by Zoom to discuss his decision to cut several graduate-level certificate classes in Entrepreneurship and discontinue the Entrepreneurship Graduate Certificate. Plaintiff was concerned because she had recently approved three applications for the program.

20.     Given her recent service as Assistant Director for Entrepreneurship, Plaintiff offered to be available to provide input on historical information that may be relevant to Mr. Anderson's decisions regarding that program. Mr. Anderson rebuffed the offer, informed Plaintiff that he had all the information he needed and refused to include Plaintiff in any matters related to the Entrepreneurship program.

21.     Subsequent efforts by Ms. Bergeron to provide input and background information to Mr. Anderson were rebuffed, ignored, and dismissed.

22.     Similarly situated male employees who attempted to provide input and background information to Mr. Anderson were treated with respect, rather than rebuked for offering to share historical knowledge and other feedback about programs managed by Mr. Anderson.

23.     Thereafter, Mr. Anderson continued to treat Plaintiff differently than her similarly situated male colleagues.

24.     For example, Mr. Anderson scheduled meetings related to the Entrepreneurship program at times that he knew Plaintiff was unavailable. When Plaintiff raised concerns about the meeting schedules, Mr. Anderson assured her he would keep her "in the loop," but did not do so. These meetings were scheduled at times when Plaintiff's male colleagues were available to attend.

25.     When an advisor in the athletic department reached out to Ms. Bergeron related to the School of Business, Ms. Bergeron forwarded the communications to Mr. Anderson. Mr. Anderson rebuked Ms. Bergeron for participating at all in the communication and forbade her from doing so in the future.

26.     One of the courses Plaintiff had been teaching was a First Year Seminar course, ENTR 177. This course was part of a nationwide program offering freshman students smaller class sizes and a better opportunity to connect with faculty. In the Fall of 2022, Plaintiff learned her course had been selected to be offered in the Spring. Mr. Anderson, however, refused to approve funding for the course.

27.     Thereafter, Mr. Anderson criticized Plaintiff related to a meeting for the Entrepreneurship Club, accusing her of violating University policy. Mr. Anderson failed to detail the basis for his opinion that she violated policy and failed to otherwise engage in a dialogue with Plaintiff on the issue, but openly informed others that she had violated University policy.

28.     By that time, Plaintiff had identified that she was being treated differently, with significantly more hostility, than her male colleagues in the department who questioned decisions by Mr. Anderson; and she was concerned that Mr. Anderson may take an adverse employment action against her.

29.     On November 1, 2022, Plaintiff met with Katie Varner, Director of Employee Relations and Human Resources Management. At that time, Plaintiff reported her concerns regarding Mr. Anderson. She complained of disparate treatment, harassment, and a hostile work environment, noting in an email sent related to the complaint: "It's frustrating that we watch videos about hostile workplace but when an actual problem arises people feel helpless."

30.     On information and belief, Ms. Varner or another employee of Defendant made Mr. Anderson and others in the School of Business aware of Plaintiff's report.

31.     Thereafter, Mr. Anderson continued to accuse Plaintiff of violating University policy.

32.     Mr. Anderson advised others that Plaintiff made a report to HR and that she should "be careful."

33.     In January 2023, Mr. Anderson modified the schedule for Plaintiff's Fall 2023 ENTR 177 course so that it would be offered at a time that he knew would lead to reduced enrollment and facilitate efforts to terminate Ms. Bergeron's section of the course at a later date. He scheduled it for 8:00 a.m. on Mondays and Wednesdays.

34.     Mr. Anderson scheduled the other School of Business first year seminar section, taught by a male faculty member, for 1:00 p.m. on Mondays and Wednesdays.

35.     When Plaintiff contacted Mr. Anderson about rescheduling the section, Mr. Anderson represented it was impossible.

36.     Plaintiff, through alternative resources, was able to have the course rescheduled.

37.     On March 6, 2023, Defendant released the course schedule for the Fall of 2023, at which time Plaintiff discovered she was no longer listed to teach ENTR 302/460. No one contacted Plaintiff prior to the release of the course schedule to advise her that she would no longer be teaching this course.

38.     On March 7, 2023, Plaintiff met with Mr. Anderson and Executive Associate Dean Susan Scholz, who advised Plaintiff that she was no longer qualified to teach the finance section, ENTR 302/460, because she was not actively involved in venture capital. According to Mr. Anderson, they had rewritten the job description for the section based on "benchmarking" with other schools offering similar courses, and the new description included a requirement that the instructor be actively involved in venture capital.

39.     At that time, Mr. Anderson advised Plaintiff that she would no longer be a member of Faculty, because she was only teaching ENTR 177, which equated to .25 FTE, and the University

did not permit .25 FTE "Faculty" appointments.

40.   During the meeting on March 7, 2023, Mr. Anderson and Ms. Scholz informed Plaintiff that there were no other open positions/courses that Plaintiff was qualified to teach.

41.   On information and belief, the University regularly permits employees to remain "Faculty" as long as the employee maintains a schedule of one class per semester. This practice occurs routinely in the School of Business.

42.   On information and belief, specific courses do not have job descriptions, and Mr. Anderson created the job description for the course Plaintiff was teaching for the purpose of removing Plaintiff from her position in retaliation for the report she made to Ms. Varner.

43.   On information and belief, persons teaching the ENTR 302/460 section since Plaintiff's removal from that role have not been actively involved in venture capital.

44.   On information and belief, persons teaching the ENTR 302/460 section were less qualified than Plaintiff to teach the course.

45.   Shortly after her demotion, Defendant posted job opening(s) for Lecturer/Faculty role in the School of Business.

46.   Plaintiff applied for the position(s).

47.   Plaintiff was not selected for an interview for the position(s) posted by the School of Business.

48.   On information and belief, the persons interviewed and selected for the Lecturer/Faculty position(s) in the School of Business had the same or lesser qualifications than Plaintiff, and Plaintiff was not selected for an interview or hiring for that position because of her report to Ms. Varner, and because she filed the charge referenced in paragraph 7, above.

49.   After the meeting on March 7, 2023, Plaintiff accepted an administrative position as Director of the Business Honors Program and Assistant Director of the Business Leadership Program,

which is a .75 FTE "Staff" position that is outside the purview of Mr. Anderson's control.

50.     The demotion from "Faculty" to "Staff" resulted in material, adverse consequences to Plaintiff's employment, including reduced flexibility, reduced overload payment for the ENTR 177 section going forward, additional work requirements including required work over summer months, and reduced pay.

51.     Since her appointment as the Director of the Business Honors Program, Defendant has continued to discriminate and retaliate against her through Mr. Anderson. Specifically, Defendant has had Plaintiff removed from the entrepreneurship portion of the school's website and has actively prohibited the provision of any administrative support to Plaintiff while permitting men occupying staff positions who have not reported discrimination to utilize such support.

## COUNT I – GENDER DISCRIMINATION – HOSTILE WORK ENVIRONMENT
## 42 U.S.C. § 2000e-2

52.     Plaintiff incorporates the allegations of paragraphs 1 through 51 of the Complaint as if fully stated herein.

53.     Plaintiff is female and, as such, is a member of a class protected by 42 U.S.C. §2000e-2.

54.     Defendant is an "employer" as defined by 42 U.S.C. §2000e; during the relevant timeframe, Defendant employed Plaintiff.

55.     Over the course of her employment with Defendant, Plaintiff has been subjected to a work environment permeated by severe and pervasive discriminatory intimidation, ridicule, and insult, as outlined in paragraphs 16-51 of this Complaint, which are incorporated herein by reference.

56.     Defendant's treatment of Plaintiff has been so hostile, severe, and pervasive that it has altered the terms and conditions of her employment and created an abusive working environment.

57.     Defendant's hostile treatment of Plaintiff is because she is a woman.

58.     The reasons proffered for Defendant's disparate and hostile treatment of Plaintiff were

pretextual.

59.     Defendant's conduct outlined above violated 42 U.S.C. §2000e-2 and constituted a reckless, willful, and wanton violation of Plaintiff's rights.

60.     As a result of the discrimination by Defendant, Plaintiff has suffered damages, including economic and non-economic losses.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor for damages, including but not limited to back pay, front pay, lost benefits, other economic loss, emotional distress, mental anguish, punitive damages, attorney-fees, expert witness fees and other costs and expenses of litigating these claims, interest, and such other relief as the court deems just and proper.

## COUNT II – GENDER DISCRIMINATION – ADVERSE EMPLOYMENT ACTIONS DEMOTION AND FAILURE TO HIRE
### 42 U.S.C. § 2000e-2

61.     Plaintiff incorporates the allegations of paragraphs 1 through 60 of the Complaint as if fully stated herein.

62.     Plaintiff is female and, as such, is a member a class protected by 42 U.S.C. §2000e-2.

63.     Defendant is an "employer" as defined by 42 U.S.C. §2000e; during the relevant timeframe, Defendant employed Plaintiff.

64.     During her employment by Defendant, Defendant removed Plaintiff from one of her teaching assignments and demoted her from Faculty to Staff, as outlined in paragraphs 16 through 51 of this Complaint.

65.     Defendant removed her teaching assignment and demoted Plaintiff because she is a woman.

66.     On information and belief, a man was appointed/hired to teach the ENTR 302/460, but does not have the qualifications Plaintiff purportedly lacked.

67.     The reasons proffered by Defendant for the removal of her teaching assignment and

related demotion were pretextual.

68.     After her demotion, Plaintiff applied for a Faculty Lecturer position with Defendant for which she was qualified.

69.     Defendant failed to interview or hire Plaintiff for the Faculty Lecturer position.

70.     On information and belief, Defendant hired a less qualified male for the Faculty Lecturer position.

71.     Defendant did not interview or hire Plaintiff because she is female.

72.     The reasons proffered by Defendant for not interviewing/hiring her for the position were pretextual.

73.     Defendant's conduct outlined above violated 42 U.S.C. §2000e-2 and constituted a reckless, willful, and wanton violation of Plaintiff's rights.

74.     As a result of the discrimination by Defendant, Plaintiff has suffered damages, including economic and non-economic losses.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor for damages, including but not limited to back pay, front pay, lost benefits, other economic loss, emotional distress, mental anguish, punitive damages, attorney-fees, expert witness fees and other costs and expenses of litigating these claims, interest, and such other relief as the court deems just and proper.

## COUNT III - RETALIATION
## 42 U.S.C. § 2000e-3

75.     Plaintiff incorporates the allegations of paragraphs 1 through 74 of the Complaint as if fully stated herein.

76.     Defendant is an "employer" as defined by 42 U.S.C. §2000e; during the relevant timeframe, Defendant employed Plaintiff.

77.     In November 2022, Plaintiff reported, complained of, and opposed the discriminatory treatment by Mr. Anderson, making a report of disparate treatment, harassment, and hostile work

environment to human resources.

78.     On information and belief, Defendant's employee(s) informed Mr. Anderson and other School of Business personnel of the complaint.

79.     Thereafter, Mr. Anderson engaged in a pattern of retaliatory behavior toward Plaintiff, up to and including removing Plaintiff from one of her teaching appointments and demoting her from Faculty to Staff, as outlined in paragraphs 16-51 of this Complaint.

80.     In April 2023, Plaintiff applied for a Faculty Lecturer position with Defendant's School of Business.

81.     On May 4, 2023, Plaintiff filed a charge of discrimination with the EEOC.

82.     Plaintiff failed to interview or hire Plaintiff for the Faculty Lecturer position.

83.     On information and belief, Defendant hired a less qualified person for the Faculty Lecturer position who had not made a prior discrimination complaint to Defendant or the EEOC.

84.     Defendant did not interview or hire Plaintiff because she opposed discrimination and conduct in violation of Title VII, by reporting discrimination to Defendant's human resources department and later by filing a charge of discrimination with the EEOC.

85.     Since Plaintiff's appointment as the Director of the Business Honors Program, Defendant has continued to discriminate and retaliate against her through Mr. Anderson. Specifically, Defendant has had Plaintiff removed from the entrepreneurship portion of the school's website, removed Plaintiff from email distribution lists for faculty in the program, and has actively prohibited the provision of any administrative support to Plaintiff while permitting men occupying staff positions who have not reported discrimination to utilize such support

86.     The reasons proffered by Defendant for the retaliatory conduct was and is pretextual.

87.     As a result of the retaliation by Defendant, Plaintiff has suffered damages, including economic and non-economic losses.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor for damages, including but not limited to back pay, front pay, lost benefits, emotional distress, mental anguish, punitive damages, attorney-fees, expert witness fees and other costs and expenses of litigating these claims, interest, and such other relief as the court deems just and proper.

Respectfully submitted,

**Fagan & Emert, LLC**

/s/Jennifer R. Johnson
Jennifer R. Johnson                    #22096
800 New Hampshire St., Ste. 110
Lawrence, KS 66044
(785) 331-0300 – Telephone
(785) 331-0303 – Facsimile
jjohnson@faganemert.com
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Pursuant to D. Kan. Rule 40.2(a), Plaintiff hereby requests a trial by jury on all counts and allegations alleged in this Complaint and, further, requests that trial by held in Kansas City, Kansas.

/s/Jennifer R. Johnson
Jennifer R. Johnson                    #22096